1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE DISTRICT OF ARIZONA

8
9    Federal Trade Commission,                    No. CV-13-01583-PHX-ROS

                    Plaintiff,
10                                                 PRELIMINARY INJUNCTION ORDER
                                                   WITH ASSET FREEZE AND OTHER
11   vs.                                           EQUITABLE RELIEF AS TO
                                                   DEFENDANTS CYNTHIA MILLER,
12                                                 GLOBAL NETWORK MARKETING,
                                                   LLC, AND PRECISE PAYROLL
13   Money Now Funding, LLC, et al.,               SERVICES, LLC

14                  Defendants.

15

16          Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), on August 5,

17   2013, filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant

18   to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

19   §§ 53(b) and 57b. Based on the facts set forth in the FTC's filing, this Court issued a

20   Temporary Restraining Order ("TRO") (dated August 5, 2013(Docket No. 13)) and

21   Preliminary Injunctions (dated August 19, 2013 (Docket No. 56) and September 13, 2013

22   (Docket No. 95)) against Defendants.

23          On January 9, 2014, the FTC, with leave of court (Docket No. 190), filed an

24   amended complaint adding Cynthia Miller, also known as Cynthia Metcalf ("Miller"),

25   and two of her corporate entities, Global Network Marketing, LLC, and Precise Payroll

26   Services, LLC, as defendants. (Docket No. 194). The FTC has applied for the issuance of

27   a preliminary injunction with an asset freeze, other equitable relief, and an order to show

28   cause why a preliminary injunction should not issue pursuant under Fed. R. Civ. P. 65(b)

                                                  1

as to Defendants Miller, Global Network Marketing, and Precise Payroll Services. No defendants served a responsive memorandum. As such, the FTC's request for an order to show cause hearing will be denied as moot. The FTC's request to issue a preliminary injunction as to Defendants Miller, Global Network Marketing, and Precise Payroll Services will be granted. *See* L.R. Civ. 7.2(i).

Accordingly, having considered all the arguments, evidence, and pleadings filed in this matter, the Court now finds as follows:

### **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.　　This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties, and venue in this district is proper.

2.　　There is good cause to believe that Defendants Money Now Funding, LLC, Rose Marketing, LLC, DePaola Marketing, LLC, Affiliate Marketing Group, LLC, Legal Doxs, LLC, US Doc Assist, LLC, Affinity Technologies, LLC, Marketing Expert Solutions, LLC, Strategic Media Advertising, LLC, Global Network Marketing, LLC, Precise Payroll Services, LLC, Lukeroy K. Rose, Cordell Bess, Cynthia Miller, Solana DePaola, Jennifer Beckman, William D. Claspell, Richard Frost, Dino Mitchell, Clinton Rackley, Lance Himes, Leary Darling, Donna F. Duckett, Della Frost, Christopher Grimes, Alannah M. Harre, Ronald W. Hobbs, Janine Lilly, Michael McIntyre, Benny Montgomery, Virginia Rios, and Kendrick Thomas have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended, and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR" or "Rule"), 16 C.F.R. Part 310, and that the Commission is likely to prevail on the merits of this action.

3.　　There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, the Business Opportunity Rule, and the TSR unless Defendants are restrained and enjoined by Order of this Court.

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including the refund of monies paid, restitution, or rescission or reformation of contract – will occur from the sale, transfer, or other disposition or concealment by Defendants of assets or records, and that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted.

5.      Good cause exists for (a) the appointment of a Permanent Receiver over Corporate Defendants Money Now Funding, LLC; Rose Marketing, LLC; DePaola Marketing, LLC; Affiliate Marketing Group, LLC; Legal Doxs, LLC; US Doc Assist, LLC; Affinity Technologies, LLC; Marketing Expert Solutions, LLC; Strategic Media Advertising, LLC; Global Network Marketing, LLC; and Precise Payroll Services, LLC; (b) freezing of Defendants' assets; and (c) the ancillary relief ordered below.

6.      Considering Plaintiff's likelihood of ultimate success and weighing the equities, a Preliminary Injunction with asset freeze, the appointment of a Permanent Receiver, and other equitable relief is in the public interest.

7.      No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

To the extent any of the Findings of Fact are more properly characterized as Conclusions of Law, they should be so considered; to the extent any Conclusions of Law are more properly characterized as Findings of Fact, they should be so considered.

## **DEFINITIONS**

For purpose of this Order, the following definitions shall apply:

1.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Corporate Defendant or Individual Defendant, or held for the benefit of any Corporate Defendant or Individual Defendant, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, securities, inventory, checks, notes, accounts, credits, receivables (as those

terms are defined in the Uniform Commercial Code), cash, trusts, including, but not limited to, any trust held for the benefit of any of the Defendants, and reserve funds or any other accounts associated with payments processed by, or on behalf of, any of the Defendants, including, but not limited to, reserve funds held by payment processors or financial institutions.

2. "**Business Opportunity**" means a commercial arrangement in which:

    A.    A seller solicits a prospective purchaser to enter into a new business;

    B.    The prospective purchaser makes a required payment; and

    C.    The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will:

        i.    Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or

        ii.    Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services; or

        iii.    Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including but not limited to providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

3. "**Corporate Defendants**" means Money Now Funding, LLC, Rose Marketing, LLC, DePaola Marketing, LLC, Affiliate Marketing Group, LLC, Legal Doxs, LLC, US Doc Assist, LLC, Affinity Technologies, LLC, Marketing Expert Solutions, LLC, Strategic Media Advertising, LLC, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their successors and assigns.

4. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

5. The term "**document**" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. "**Individual Defendants**" means Lukeroy K. Rose, Cordell Bess, Cynthia Miller, Solana DePaola, Jennifer Beckman, William D. Claspell, Richard Frost, Dino Mitchell, Clinton Rackley, Lance Himes, Leary Darling, Donna F. Duckett, Della Frost, Alannah M. Harre, Ronald W. Hobbs, Janine Lilly, Michael McIntyre, Benny Montgomery, and Kendrick Thomas individually, collectively, or in any combination.

7. "**Material**" means likely to affect a person's choice of, or conduct regarding, opportunities, products or services.

8. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

9. "**Plaintiff**" means the Federal Trade Commission.

10. "**Receiver**" means Peter S. Davis of Simon Consulting, LLC, the permanent receiver appointed by this Court in Section XIII of the August 19, 2013 Preliminary Injunction Order (Doc. 56) and any deputy receivers that shall be named by the permanent receiver.

11. "**Receivership Defendants**" means Money Now Funding, LLC, Rose Marketing, LLC, DePaola Marketing, LLC, Affiliate Marketing Group, LLC, Legal Doxs, LLC, US Doc Assist, LLC, Affinity Technologies, LLC, Marketing Expert Solutions, LLC, Strategic Media Advertising, LLC, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their successors, assigns, affiliates, subsidiaries, divisions, and telephone sales or customer service operations.

12.  "**Representatives**" means Defendants' officers, agents, servants, employees, or attorneys, and any other person in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

13.  "**Work-at-home Opportunity**" means any good, service, plan, or program that is represented, expressly or by implication, to assist an individual in any manner to earn money while working from home, whether or not a business opportunity.

## ORDER

## I.

## BAN ON TELEMARKETING

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Preliminary Injunction and Other Equitable Relief as to Defendants Cynthia Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC, (**Doc. 225**) is **GRANTED**. Plaintiff's request for the issuance of an order to show cause is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their Representatives, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from engaging, participating or assisting others in Telemarketing, including advertising, marketing, promoting, offering for sale, or selling any product or service through Telemarketing.

## II.

## BAN ON THE SALE OF BUSINESS OR WORK-AT-HOME OPPORTUNITIES

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their Representatives, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from advertising, marketing, promoting, offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of any (1) business opportunity, (2) work-at-home opportunity, or (3) service to assist in the creation, advertising, marketing, promotion, or operation of a business opportunity or work-at-home opportunity, including, but not limited to, website

development, advertising, marketing, sale of leads or lead generation, search engine optimization, training, and business establishment services.

### III.

### PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their Representatives, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any products or services, are hereby preliminarily restrained and enjoined from making, in any manner, expressly or by implication, any false or unsubstantiated representations of any material fact including, but not limited to:

A.    That any Defendant or other person offers, sells, or provides loans or cash advances;

B.    The amount of income, earnings, or profits that a person may or is likely to earn, or that other persons have earned;

C.    That any Defendants or other person will provide, locate, or obtain leads containing the names or contact information of persons potentially interested in Defendants products or services;

D.    That any Defendant or other person will contact, sell, or provide services to businesses consumers refer;

E.    The total cost to purchase, receive, or use any products or services; or

F.    Any material aspect of the performance, efficacy, nature, or central characteristics of any product or service.

### IV.

### ASSET FREEZE

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their Representatives, whether acting directly indirectly, are hereby preliminarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, conveying, gifting, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, whether within the United States or within a jurisdiction outside the United States, that are: (1) owned or controlled by any of the Defendants, in whole or in part; (2) held for the benefit of any of the Defendants; (3) in the actual or constructive possession of any of the Defendants; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the Defendants including, but not limited to, any assets held by or for, or subject to access by any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository institution of any kind;

B. Opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, any of the Defendants;

C. Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any of the Corporate Defendants;

D. Obtaining a personal or secured loan encumbering the assets of any of the Defendants, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the Defendants; or

E. Incurring liens or other encumbrances on real property, personal property or other assets titled in the name, singly or jointly, of any of the Defendants or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the Defendants.

*Provided*, that the assets affected by this Section shall include: (1) all assets of any of the Defendants as of the time of issuance of this Order; and (2) assets obtained after

the time of issuance of this Order if the assets are derived from the conduct alleged in the Commission's Complaint.

*Provided further*, that this Section shall not prevent Defendant Miller from paying bills or making purchases of necessaries with funds obtained by her subsequent to imposition of this asset freeze from any legitimate source, such as funds borrowed from family, friends, or others; income from lawful employment; or charges made to her credit cards.

## V.

## DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processing company, payment processor, merchant bank, acquiring bank, independent sales organization, business entity, or person served with a copy of this Order, or who otherwise has actual knowledge of this Order, that (a) holds, controls or maintains custody of any account, safe deposit box, or other asset of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC, (b) holds, controls, or maintains custody of any asset associated with credits, debits, or charges made on behalf of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC, including, but not limited to, reserve funds held by payment processors or other entities, or (c) has held, controlled, or maintained any such account, safe deposit box, or other asset at any time since August 1, 2010 shall:

A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset, except by further order of the Court;

B.     Deny any person, except the Receiver acting pursuant to this Order, access to any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by, Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC;

C. Provide the Commission's counsel and the Receiver, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

    1. The identification number of each such account or asset titled in the name, individually or jointly, of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC, or held on behalf of or for the benefit of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC;

    2. The balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    3. The identification of any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC; and

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## VI.

## FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** within five (5) calendar days of service of this Order, Defendants Miller, Global Network Marketing, LLC, and Precise Payroll

Services, LLC shall prepare and deliver the following forms to counsel for the Commission and to the Receiver:

A. Completed financial statements on the forms attached to this Order as Attachment A (Financial Statement of Individual Defendant) for themselves individually and Attachment B (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant is a trustee. The financial statements shall be accurate as of the date of entry of this Order. Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC shall include in the financial statements a full accounting of all funds and assets, whether located inside or outside of the United States, that are: (1) titled in the name of such Defendant, jointly, severally, or individually; (2) held by any person or entity for the benefit of such Defendant; or (3) under the direct or indirect control of such Defendant. Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements; and

B. Attachment C (Consent to Release Financial Records and Request for Copy of Tax Return).

**VII.**

**REPATRIATION OF ASSETS AND DOCUMENTS**

**IT IS FURTHER ORDERED** within five (5) days following the service of this Order, Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC shall:

A. Provide the Commission and the Receiver with a full accounting of all funds, documents, and assets outside of the United States which are: (1) titled in the name, individually or jointly, of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC; or (2) held by any person or entity for the benefit of

Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC; or (3) under the direct or indirect control, whether jointly or singly, of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC;

B.     Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located in foreign countries which are:  (1) titled in the name individually or jointly of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC; or (2) held by any person or entity, for the benefit of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC; or (3) under the direct or indirect control of Defendants Miller, Global Network Marketing, LLC, or Precise Payroll Services, LLC, whether jointly or singly;

C.     Provide the Commission access to all records of accounts or assets of Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as Attachment C.

## VIII.

## NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their Representatives are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VII of this Order, including, but not limited to:

A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section VII of this Order;

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is

required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section VII of this Order.

## IX.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), that any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC to the Commission.

## X.

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any of the Defendants, (2) the business practices or finances of entities directly or indirectly under the control of any of the Defendants, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including: any and all marketing materials, World Wide Web pages, consumer complaints, rate decks, call detail records, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns; and

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of their Assets.

## XI.

## NOTIFICATION OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the FTC with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, members, and employees; and (4) a detailed description of the business entity's intended activities.

## XII.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, and their Representatives, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from selling, renting, leasing, transferring, using, disclosing, or otherwise benefitting from the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any Person who: (1) paid money to any of the Defendants or Receivership Defendants, (2) was previously contacted by any of the Defendants or Receivership Defendants in connection with the sale of Business Opportunities, Work-at-home opportunities, or any service to assist in the creation, advertising, marketing, promotion, or operation of a Business Opportunity or Work-at-Home Opportunity, including, but not

limited to website development, advertising, marketing, lead generation, social media promotion, search engine optimization, training, and business establishment services, (3) who was on a list to be contacted by any of the Defendants or Receivership Defendants; provided, however, that Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XIII.

## APPOINTMENT OF PERMANENT RECEIVER

The Court appointed Peter S. Davis of Simon Consulting, LLC in the Preliminary Injunction Order (Doc. 56) issued on August 19, 2013 as permanent receiver for the Receivership Defendants, as well as for any affiliates, subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with the full power of an equity receiver. The Court ordered that the Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Court ordered that the Receiver shall be accountable directly to this Court.

## XIV.

## RECEIVER'S DUTIES

**IT IS FURTHER ORDERED** the Receiver is authorized and directed to accomplish the following:

A.     Assume full control of Defendants Global Network Marketing, LLC and Precise Payroll Services, LLC by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC, including any Defendant, from control of, management of, or participation in, the affairs of Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC;

B.     Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, Defendants Global Network Marketing, LLC and Precise Payroll Services, LLC, wherever situated. The Receiver

shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of Defendants Global Network Marketing, LLC, Precise Payroll Services, LLC, and other persons or entities whose interests are now under the direction, possession, custody, or control of, Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC. *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

C.     Take all steps necessary to secure each location from which Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC operate or have operated their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all Receivership assets; (3) obtaining pertinent information from all employees and other agents of Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC, including, but not limited to, the name, home address, Social Security Number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and videotaping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist

the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshals Service will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

D.     Suspend business operations of Defendants Global Network Marketing, LLC and Precise Payroll Services, LLC if in the judgment of the Receiver such operations cannot be continued legally and profitably;

E.     Conserve, hold, and manage all assets of Defendants Global Network Marketing, LLC and Precise Payroll Services, LLC, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC, including, but not limited to, obtaining an accounting of the assets and preventing the unauthorized transfer, withdrawal, or misapplication of assets;

F.     Enter into contracts and purchase insurance as advisable or necessary;

G.     Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC;

H.     Manage and administer the business of Defendants Global Network Marketing, LLC and Precise Payroll Services, LLC until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC, such as rental payments;

K.    Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including, but not limited to, actions challenging fraudulent or voidable transfers;

L.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC, as the Receiver deems necessary and advisable to preserve the assets of Defendants Global Network Marketing, LLC or Precise Payroll Services, LLC, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M.    Issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

N.    Open one or more bank accounts as designated depositories for funds of Defendants Global Network Marketing, LLC and Precise Payroll Services, LLC.  The Receiver shall deposit all funds of Defendants Global Network Marketing, LLC and Precise Payroll Services, LLC in such a designated account and shall make all payments

and disbursements from the Receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

O.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

P.      Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency;

Q.      File reports with the Court on a timely basis and at regular intervals or as otherwise directed by the Court.

## XV.

**TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

**IT IS FURTHER ORDERED** that:

A.       Immediately upon service of this Order upon them, or within a period permitted by the Receiver, Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, their Representatives, and any other person or entity with possession, custody or control of assets or documents relating to the Receivership Defendants shall transfer or deliver possession, custody, and control of the following to the Receiver:

1.      All assets of the Receivership Defendants;

2.      All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3.      All assets belonging to other persons or entities whose interests are now under the direction, possession, custody, or control of the Receivership Defendants;

4.      All computers and data in whatever form used to conduct the business of the Receivership Defendants; and

5.      All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

B.      In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshals Service or any sheriff or deputy sheriff of any county to seize the asset, document, or other item and to deliver it to the Receiver.

# XVI.

## PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC shall provide to the Receiver, immediately upon request, the following:

A.      A list of all assets and property, including accounts, of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or held by any person or entity other than a Receivership Defendant; and

B.      A list of all agents, employees, officers, servants or those persons in active concert and participation with the Individual Defendants and Receivership Defendants who have been associated with or done business with the Receivership Defendants.

**XVII.**

**COOPERATION WITH THE RECEIVER**

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, their Representatives, and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the assets of the Receivership Defendants. This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendants. The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, payment processors, payment gateways, insurance companies, as well as all third-party billing agents, common carriers, and other telecommunications companies.

**XVIII.**

**INTERFERENCE WITH THE RECEIVER**

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, their Representatives, corporations, subsidiaries, divisions, or affiliates are hereby restrained and enjoined from directly or indirectly:

A.    Interfering with the Receiver managing, or taking custody, control, or possession of the assets or documents subject to this Receivership;

B.    Transacting any of the business of the Receivership Defendants or any substantially similar name;

21

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

D. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, or any other papers;

E. Excusing debts owed to the Receivership Defendants;

F. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court; and

G. Harassing or interfering with the Receiver in any way.

## XIX.

### STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that:

A. Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants Miller, Global Network Marketing, LLC, Precise Payroll Services, LLC, their Representatives, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of the Receivership Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants, including, but not limited to:

    1. Petitioning, or assisting in the filing of a petition, that would cause any Receivership Defendant to be placed in bankruptcy;

    2. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Defendants, including the issuance or employment of process against the

Receivership Defendants, *except* that such actions may be commenced if necessary to toll any applicable statute of limitations;

3.      Filing or enforcing any lien on any asset of the Receivership Defendants; taking or attempting to take possession, custody, or control of any asset of the Receivership Defendants; accelerating the due date of any obligation; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

4.      Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of, the assets or documents subject to this receivership.

*Provided that,* this Order does not stay (1) The commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XX.

## COMPENSATION OF RECEIVER

In the Preliminary Injunction Order (Doc. 56) issued on August 19, 2013, the Court ordered that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of or which may be received by the Receivership Defendants.  The Court ordered that the Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request

filed no more than sixty (60) days after the date of entry of this Order.  The Court ordered that the Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXI.

## RECEIVER'S BOND

In the Preliminary Injunction Order (Doc. 56) issued on August 19, 2013, the Court ordered that the Receiver maintain with the Clerk of this Court a bond in the sum of $10,000, with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XXII.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 26(d)(1), that discovery may commence at any time after the entry of this order. In aid of the asset freeze in this matter, the Commission and the Receiver are further authorized to conduct expedited discovery concerning Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC's assets and the location of business records ("expedited asset discovery") in accordance with the following:

A.      The Commission and the Receiver may take the depositions of parties and non-parties. Ninety-six hours (96) notice shall be sufficient notice for such depositions. Deposition transcripts that have not been signed by the witness may be used the preliminary injunction hearing in this matter. The limitations set forth in Federal Rule of Civil Procedure 30(a)(2) and 31(a)(2) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section, and those depositions shall not count toward the deposition limit set forth in said rules;

B.      The Commission and the Receiver may serve upon parties requests for production of documents or inspection that require production or inspection within five

(5) business days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) business days of service;

C.     The Commission and the Receiver may serve deposition notices and other discovery requests upon the parties to this action by facsimile, overnight courier, or e-mail, and depositions may be taken by telephone or other remote electronic means; and

D.     Any discovery taken pursuant to this Order is in addition to, and is not subject to, the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court.

## XXIII.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and e-mail, upon any Defendant, financial institution, or other entity or Person that may have possession, custody, or control of any documents or assets of any of the Defendants, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIV.

## SERVICE UPON PLAINTIFF

**IT IS FURTHER ORDERED** that all correspondence and service of pleadings or other documents related to this Order or Plaintiff's motion for a preliminary injunction shall be addressed to

> Rhonda Perkins
> Janet Ammerman
> James Evans
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, Room H-286
> Washington, DC 20580
> Fax: 202-326-3395
> Email: rperkins@ftc.gov; jammerman1@ftc.gov; jevans1@ftc.gov

## XXV.

### DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC shall immediately provide a copy of this Order to each of their affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, employees, independent contractors, client companies, agents, attorneys, spouses, and representatives, and shall, within five (5) days from the date of entry of this Order, provide the Commission with a sworn statement that: (1) confirms that Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC have provided copies of the Order as required by this paragraph; and (2) lists the names and addresses of each entity or person to whom Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC provided a copy of the Order. Furthermore, Defendants Miller, Global Network Marketing, LLC, and Precise Payroll Services, LLC shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXVI.

### SCOPE AND DURATION OF

### PRELIMINARY INJUNCTION ORDER

**IT IS FURTHER ORDERED** that this Preliminary Injunction Order shall remain in full force and effect pending trial on the merits unless sooner modified or dissolved. Furthermore, the Preliminary Injunction Orders entered on August 19, 2013 (Doc. 56) and September 13, 2013 (Doc. 95), and the modified Preliminary Injunction Order entered on February 13, 2014 (Docket No. 216) remain in full force and effect as to the other individual and corporate defendants in this action, namely Lukeroy K. Rose, Cordell Bess, Solana DePaola, Jennifer Beckman, William D. Claspell, Richard Frost, Dino Mitchell, Clinton Rackley, Lance Himes, Leary Darling, Donna Duckett, Della

Frost, Alannah M. Harre, Ronald W. Hobbs, Janine Lily, Michael McIntyre, Benny Montgomery, and Kendrick Thomas, Money Now Funding, LLC, Rose Marketing, LLC, DePaola Marketing, LLC, Affiliate Marketing Group, LLC, Legal Doxs, LLC, US Doc Assist, LLC, Affinity Technologies, LLC, Marketing Expert Solutions, LLC, and Strategic Media Advertising, LLC.

## XXVII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** this Court shall retain jurisdiction of this matter for all purposes.

Dated this 28th day of April, 2014.

Roslyn O. Silver
Senior United States District Judge